## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMIT RAGNAUTH, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT** **AND** **DEMAND FOR JURY TRIAL** |
| COAST PROFESSIONAL, INC., and JOHN DOES 1-25. | |
| Defendant(s). | |

Plaintiff, AMIT RAGNAUTH (hereinafter "Plaintiff") on behalf of himself and all others similarly situated (hereinafter "Plaintiffs") by and through his undersigned attorney, alleges against the above-named Defendant, COAST PROFESSIONAL, INC.,., (hereinafter "COAST"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1.   Plaintiffs brings this action for damages and declaratory and injunctive relief arising from COAST's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.   Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

- 1 -

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff, is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Defendant COAST is corporation with its executive offices located at 4273 Volunteer Road, Geneseo, New York 14454.

8.      Upon information and belief, COAST is primarily in the business of collecting debts allegedly due to another and is therefore a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

9.      John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

10.     Plaintiffs brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or

notices from COAST which are in violation of the FDCPA, as described in this Complaint.

11.    This Action is properly maintained as a statewide class action. The Class consists of:

> All New York City, consumers who were sent letters and/or notices from COAST concerning a debt owed to U.S. Department of Education, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.
>
> <u>The class definition may be subsequently modified or refined.</u>
>
> <u>The Class period begins one year to the filing of this Action.</u>

12.    The Class period begins one year to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

14.    Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from COAST that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

15.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.    Whether COAST violated various provisions of the FDCPA;

    b.    Whether Plaintiff and the Class have been injured by COAST's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of COAST's wrongdoing and if so, what is the proper

measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

16.    Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

17.    Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

18.    Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

19.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

20.    A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If COAST 's conduct is allowed proceed without remed**y** they will continue to reap and retain the proceeds of their ill-gotten gains.

21.     COAST has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### **FACTUAL ALLEGATIONS**

22.     Sometime prior to March 14, 2019, Plaintiff applied for a student loan from U.S. Department of Education (hereinafter "USDE").

23.     The USDE obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24.     The USDE obligation arose out of a transaction that for personal use.

25.     The USDE obligation did not arise out of a transaction for commercial purposes.

26.     The USDE obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

28.     On or before March 14, 2019, USDE placed and/or referred the alleged obligation with COAST.

29.     On or before March 14, 2019, USDE placed and/or referred the alleged obligation with COAST for the purpose of collection

30.     On or about March 14, 2019, COAST caused to be mailed to Plaintiff a letter attempting to collect the alleged USDE obligation.  A copy of said letter is annexed hereto as Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

31.     The March 14, 2019, letter to Plaintiff stated in part;

This notice is from Coast Professional, Inc. (Coast). The U.S. Department of Education(ED), the current creditor and holder of your defaulted student loan or grant overpayment debt, has placed your account with this agency for collection. As of the date of this letter, you owe the balance indicated above. Because of interest or other fees that may vary from day to day, the amount due on the day you pay may be greater.

You have not responded to our previous attempts to resolve your defaulted student debt(s). By failing to make arrangements to resolve your student debt(s), your account may be subject to collection activity.

We are currently evaluating your employment situation as we consider recommending use of administrative wage garnishment to recover the amount due to the U.S. Department of Education. The Debt Collection Improvement Act, 31 U.S.C. 3720d and 31 C.F.R. 285.11 authorizes the U.S. Department of Education to garnish 15% of an individual's wages who have failed to pay their legal obligations to the U.S. Department of Education, without having to bring action in federal court.

32.     The March 14, 2019 letter stated in part:

THIS IS AN ATTEMPT TO COLLECT A DEBT; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

33.     31 U.S.C.S. §3720D(a) provides:

> (a) Notwithstanding any provision of State law, the head of an executive, judicial, or legislative agency that administers a program that gives rise to a delinquent nontax debt owed to the United States by an individual may in accordance with this section garnish the *disposable* pay of the individual to collect the amount owed, if the individual is not currently making required repayment in accordance with any agreement between the agency head and the individual. [emphasis added].

34.     31 U.S.C.S. §3720D(b) provides:

> (b) In carrying out any garnishment of disposable pay of an individual under subsection (a), the head of an executive, judicial, or legislative agency shall comply with the following requirements:
>
>> (1) The amount deducted under this section for any pay period may not exceed 15 percent of disposable pay, except that a greater percentage may be deducted with the written consent of the individual.
>>
>> (2) The individual shall be provided written notice, sent by mail to the individual's last known address, a minimum of 30 days prior to the initiation of proceedings, from the head of the executive, judicial, or legislative agency, informing the individual of--

(A)    the nature and amount of the debt to be collected;

(B)    the intention of the agency to initiate proceedings to collect the debt through deductions from pay; and

(C)    an explanation of the rights of the individual under this section

35.    31 U.S.C.S. §3720D(g) provides

(g)    For the purpose of this section, the term "*disposable pay*" means that part of the compensation of any individual from an employer remaining after the deduction of any amounts required by any other law to be withheld. [emphasis added].

36.    31 CFR 285.11(c) provides:

*Disposable pay* means that part of the debtor's compensation (including, but not limited to, salary, bonuses, commissions, and vacation pay) from an employer remaining after the deduction of health insurance premiums and any amounts required by law to be withheld. For purposes of this section, "amounts required by law to be withheld" include amounts for deductions such as social security taxes and withholding taxes, but do not include any amount withheld pursuant to a court order. [emphasis added].

37.    31 CFR 285.11(d)-(e) provides:

(d)    General rule. Whenever an agency determines that a delinquent debt is owed by an individual, the agency may initiate proceedings administratively to garnish the wages of the delinquent debtor.

(e)    Notice requirements. (1) At least 30 days before the initiation of garnishment proceedings, the agency shall mail, by first class mail, to the debtor's last known address a written notice informing the debtor of:

(i)    The nature and amount of the debt;

(ii)    The intention of the agency to initiate proceedings to collect the debt through deductions from pay until the debt and all accumulated interest, penalties and administrative costs are paid in full; and

(iii)    An explanation of the debtor's rights, including those set forth in paragraph (e)(2) of this section, and the time frame within which the debtor may exercise his or her rights.

(2)     The debtor shall be afforded the opportunity:

(i)     To inspect and copy agency records related to the debt;

(ii)    To enter into a written repayment agreement with the agency under terms agreeable to the agency; and

(iii)   For a hearing in accordance with paragraph (f) of this section concerning the existence or the amount of the debt or the terms of the proposed repayment schedule under the garnishment order. However, the debtor is not entitled to a hearing concerning the terms of the proposed repayment schedule if these terms have been established by written agreement under paragraph (e)(2)(ii) of this section.

38.     31 CFR 285.11(i) provides:

(i) Amounts withheld.

(1)     After receipt of the garnishment order issued under this section, the employer shall deduct from all disposable pay paid to the applicable debtor during each pay period the amount of garnishment described in paragraph (i)(2) of this section.

(2)

(i)     Subject to the provisions of paragraphs (i)(3) and (i)(4) of this section, the amount of garnishment shall be the lesser of:

(A)     The amount indicated on the garnishment order up to _15% of the debtor's disposable pay_; [emphasis added] or

(B)     The amount set forth in 15 U.S.C. 1673(a)(2) (Restriction on Garnishment). The amount set forth at 15 U.S.C. 1673(a)(2) is the amount by which a debtor's disposable pay exceeds an amount equivalent to thirty times the minimum wage. See 29 CFR 870.10.

(3)     When a debtor's pay is subject to withholding orders with priority the following shall apply:

(i)     Unless otherwise provided by Federal law, withholding orders issued under this section shall be paid in the

amounts set forth under paragraph (i)(2) of this section and shall have priority over other withholding orders which are served later in time. Notwithstanding the foregoing, withholding orders for family support shall have priority over withholding orders issued under this section.

(ii)    If amounts are being withheld from a debtor's pay pursuant to a withholding order served on an employer before a withholding order issued pursuant to this section, or if a withholding order for family support is served on an employer at any time, the amounts withheld pursuant to the withholding order issued under this section shall be the lesser of:

(A)    The amount calculated under paragraph (i)(2) of this section, or

(B)    An amount equal to 25% of the debtor's disposable pay less the amount(s) withheld under the withholding order(s) with priority.

(iii)   If a debtor owes more than one debt to an agency, the agency may issue multiple withholding orders provided that the total amount garnished from the debtor's pay for such orders does not exceed the amount set forth in paragraph (i)(2) of this section. For purposes of this paragraph (i)(3)(iii), the term agency refers to the agency that is owed the debt.

39.    At all pertinent times hereto, COAST was collecting an alleged debt relating to a consumer transaction, pursuant to 15 U.S.C. §1692a(5).

40.    The March 24, 2019, letter sent to Plaintiff is a "communication" relating to a "debt" as defined by 15 U.S.C. §1692a(2).

41.    Upon receipt, Plaintiff read the March 24, 2019, letter.

42.    Within the period beginning on the day one year prior to the date this Complaint is filed to the present, COAST sent collection letters attempting to collect debts to more than 40 consumers residing within New York City, New York similar to the letter annexed hereto as Exhibit A.

43.    PIONEER actions as described herein are part of a pattern and practice used to collect consumer debts.

44.    PIONEER could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

45.    It is COAST's policy and practice to send written collection communications, in the form annexed hereto as Exhibit A, that violate the FDCPA, by *inter alia*:

   a.    Falsely representing the character and/or legal status of the USDE obligation;

   b.    Threatening to action that cannot legally be taken;

   c.    Using false, deceptive or misleading representations or means in connection with the collection of USDE obligation;

   d.    Depriving consumers of the their right to receive the necessary and accurate information;

   e.    Depriving consumers of the their right to receive the necessary and accurate information as to the true character, amount, and legal status of the alleged debt; and

   f.    Causing consumers to suffer a risk of economic injury.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

46.    Plaintiff repeats the allegations contained in paragraphs 1 through 45 as if the same were set forth at length herein.

47.    Collection letters and/or notices such as those sent by COAST, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

48.    COAST violated 15 U.S.C. § 1692 *et seq.* of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

49.    COAST violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect the alleged debts from Plaintiff and other similarly situated.

50.    By stating in the March 14, 2019 letter to Plaintiff, "By failing to make arrangements to resolve your student debt(s), your account may be subject to collection activity" when in fact Plaintiff's student debt was already placed with COAST "for collection" (as stated in the very first paragraph) COAST falsely represented the character and legal status of the USDE debt.

51.    The least sophisticated consumer upon reading the March 14, 2019 letter would be confused as to the character and legal status of his debt.

52.    The least sophisticated consumer upon reading the March 14, 2019 letter would be unsure whether his debt is: (1) already in collections; or (2) not in collections but will be placed in collections if he does not make arrangements to pay the debt.

53.    By stating in the March 14, 2019 letter to Plaintiff, "By failing to make arrangements to resolve your student debt(s), your account may be subject to collection activity" when in fact Plaintiff's student debt was already placed with COAST "for collection" (as stated in the very first paragraph) COAST violated 15 U.S.C. §1692e(2)(A) and §1692e(10).

- 11 -

54.     By stating in the March 14, 2019 letter:

> We are currently evaluating your employment situation as we consider recommending use of administrative wage garnishment to recover the amount due to the U.S. Department of Education.  The debt Collection Improvement Act, 31 U.S.C. 3720d and 31 C.F.R. 285.11 authorizes the U.S. Department of Education to garnish 15% of an individual's wages who have failed to pay their obligations to the U.S. Department of Education, without having to bring action in federal court.

COAST falsely represented the following:

    a.   the percentage of Plaintiff's wages subject to garnishment by U.S. Department of Education;

    b.   the process by which such garnishment may be obtained;

    c.   action that cannot be legally taken.

55.     31 CFR 285.11(i) provides:

(i)  Amounts withheld.

    (1)    After receipt of the garnishment order issued under this section, the employer shall deduct from all disposable pay paid to the applicable debtor during each pay period the amount of garnishment described in paragraph (i)(2) of this section.

    (2)

        (i)    Subject to the provisions of paragraphs (i)(3) and (i)(4) of this section, the amount of garnishment shall be the lesser of:

            (A)    The amount indicated on the garnishment order up to *15% of the debtor's disposable pay*; [emphasis added] or

            (B)    The amount set forth in 15 U.S.C. 1673(a)(2) (Restriction on Garnishment). The amount set forth at 15 U.S.C. 1673(a)(2) is the amount by which a debtor's disposable pay exceeds an amount equivalent to thirty times the minimum wage. See 29 CFR 870.10.

56.     The least sophisticated consumer upon reading the March 14, 2019 letter would be mislead into believing that his 15% of his entire wages are subject to garnishment.

57.     The least sophisticated consumer upon reading the March 14, 2019 letter would be mislead into believing that his 15% of his *entire wages* are subject to garnishment, when in fact, only up to 15% of his *disposable pay* is subject to garnishment.

58.     The least sophisticated consumer upon reading the March 14, 2019 letter would be mislead into believing that the U.S. Department of Education was entitled to by pass any type of formal process prior to garnishing his wages.

59.     The least sophisticated consumer upon reading the March 14, 2019 letter would be mislead into believing that he was not entitled due process prior to the U.S. Department of Education garnishing his wages.

60.     The least sophisticated consumer upon reading the March 14, 2019 letter would be mislead into believing that he was not entitled due process prior to the U.S. Department of Education garnishing his wages, when in fact pursuant to 31 C.F.R. 285.11(d)(e) *et seq.*, the consumer is afforded the opportunity to:

> (i)     To inspect and copy agency records related to the debt;

> (ii)    To enter into a written repayment agreement with the agency under terms agreeable to the agency; and

> (iii)   For a hearing in accordance with paragraph (f) of this section concerning the existence or the amount of the debt or the terms of the proposed repayment schedule under the garnishment order. However, the debtor is not entitled to a hearing concerning the terms of the proposed repayment schedule if these terms have been established by written agreement under paragraph (e)(2)(ii) of this section.

61.    COAST could have provided accurate information to Plaintiff on the issue garnishment.

62.    COAST could have provided accurate information to Plaintiff on the issue garnishment, but chose not to.

63.    COAST violated various provision of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10) by stating in the March 14, 2019 letter:

> We are currently evaluating your employment situation as we consider recommending use of administrative wage garnishment to recover the amount due to the U.S. Department of Education. The Debt Collection Improvement Act, 31 U.S.C. 3720d and 31 C.F.R. 285.11 authorizes the U.S. Department of Education to garnish 15% of an individual's wages who have failed to pay their obligations to the U.S. Department of Education, without having to bring action in federal court.

64.    Plaintiff suffered an informational injury due to COAST's violation of 15 U.S.C. §1692 *et seq.*, of the FDCPA by using false, deceptive and misleading representation means in connection with its attempts to collect a debt from Plaintiff.

65.    Plaintiff suffered a risk of economic injury due to COAST's violation of 15 U.S.C. §1692 *et seq.*, of the FDCPA by using false, deceptive and misleading representation means in connection with its attempts to collect a debt from Plaintiff.

66.    COAST violations of the FDCPA materially affected Plaintiff's decision making process with respect to payment of the debt.

67.    COAST violations of the FDCPA would materially affect the least sophiciated consumer's decision making process with respect to payment the debt.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b)    Issuing a preliminary and/or permanent injunction restraining COAST, its employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)    Issuing a declaratory Order requiring COAST to make corrective disclosures;

(d)    Awarding Plaintiff and the Class statutory damages;

(e)    Awarding Plaintiff and the Class actual damages;

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(g)    Awarding pre-judgment interest and post-judgment interest; and

(h)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       May 7, 2019

/s/ *Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd. Street, 46th Floor
New York, New York 10165
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

/s/ Joseph K. Jones
Joseph K. Jones

# Exhibit

# A

# COAST

PROFESSIONAL, INC. SM

P.O. Box 2899
West Monroe, LA 71294

1-800-964-0881

AMIT RAGNAUTH

| | INTEREST |
|---|---|
| | $4,142.08 | $2,495.15 |
| PENALTY CHARGES | *FEES & COSTS | CURRENT BALANCE |
| $0.00 | $1,189.40 | $7,826.63 |
| | AMOUNT PAID | |

**DO NOT SEND CASH.**
**MAKE CHECKS PAYABLE TO: U.S. DEPARTMENT OF EDUCATION**
**USE ACCOUNT NUMBER LISTED ABOVE ON YOUR CHECK.**
**RETURN THIS PORTION WITH YOUR PAYMENT.**
**Contact Coast Professional, Inc. at**
**1-800-964-0881**
SEND PAYMENT TO:

U.S. Department of Education
National Payment Center
P.O. Box 790336
St. Louis, MO 63179-0336

March 14, 2019

Dear AMIT RAGNAUTH:

This notice is from Coast Professional, Inc. (Coast). The U.S. Department of Education(ED), the current creditor and holder of your defaulted student loan or grant overpayment debt, has placed your account with this agency for collection. As of the date of this letter, you owe the balance indicated above. Because of interest or other fees that may vary from day to day, the amount due on the day you pay may be greater.

You have not responded to our previous attempts to resolve your defaulted student debt(s). By failing to make arrangements to resolve your student debt(s), your account may be subject to collection activity.

We are currently evaluating your employment situation as we consider recommending use of administrative wage garnishment to recover the amount due to the U.S. Department of Education. The Debt Collection Improvement Act, 31 U.S.C. 3720d and 31 C.F.R. 285.11 authorizes the U.S. Department of Education to garnish 15% of an individual's wages who have failed to pay their legal obligations to the U.S. Department of Education, without having to bring action in federal court.

Contact us to make arrangements for repayment of this debt.

There are options available to you if you contact one of our representatives at **1-800-964-0881.** Our consumer care representatives may be able to qualify you for a reduction of the balance owed or an affordable Repayment program which can assist you in getting your loan out of default.

Please call or write our office regarding your intentions to resolve this debt at:

**Payment address:**
U.S. Department of Education
National Payment Center
P.O. Box 790336
St. Louis, MO 63179-0336

**Phone:** 1-800-964-0881
**Fax:** 1-866-394-7052

**Correspondence address:**
Coast Professional, Inc.
P.O. Box 2899
West Monroe, LA 71294

**Our office hours are:** 8am to 5pm EST Mon – Thurs.
8am to 4:30pm EST Fri.

THIS IS AN ATTEMPT TO COLLECT A DEBT; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

If you have any concerns about the way Coast is collecting this debt, you may contact Coast in writing at the above address, or call Coast toll-free at 1-800-963-1293, or via fax at 1-866-215-8049.
***IMPORTANT INFORMATION CAN BE FOUND ON THE BACK OF THIS PAGE***

COAST

PROFESSIONAL, INC SM

Coast Professional, Inc.

## IMPORTANT BULLETIN

- **Disabled**- You <u>may be</u> eligible for <u>**100% forgiveness**</u> of your federal student loan if you satisfy the U.S. Department of Education disability discharge requirements and your medical physician will provide formal written documentation of your condition.

- **Deceased**- If you have knowledge the borrower is deceased or in the case of a PLUS loan the student is deceased, the indebtedness to the U.S. Department of Education may be formally canceled upon presentation of an original or certified copy of the death certificate for the borrower. This would alleviate any concerns with the deceased borrowers' estate.

Please telephone our office toll free at **1-800-964-0881** and ask for one of our **Administrative Resolution Specialists.**

*Documentation must meet the requirements of Federal Regulations and the U.S. Department of Education policy.*

Additional specialized assistance provided for:

- **Low Income / Unemployed**- if you are unemployed or have a low income, we can assist you if you provide written documentation of your unemployment or income status.

- **Incarcerated**- if you are or have knowledge of the borrowers' incarceration status, we will notify the U.S. Department of Education of the pending release or probation date.

Please telephone our office toll free at **1-800-964-0881** and ask for one of our **Administrative Resolution Specialists.**

THIS IS AN ATTEMPT TO COLLECT A DEBT; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

**New York Residents:**

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

> a) the use or threat of violence;
> b) the use of obscene or profane language; and
> c) repeated phone calls made with the intent to annoy, abuse, or harass

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.


Notification of Right to Request Substantiation

If you wish to request substantiation of the debt, you may make a request for substantiation by notifying Coast Professional, Inc. in writing to: Coast Professional, Inc., P.O. Box 2899 West Monroe, LA 71294, indicating you are requesting substantiation of the debt. Please identify your name and account number clearly in the correspondence. Once a debt collector such as Coast Professional, Inc. receives a written request for substantiation, the debt collector must cease collection of the debt until substantiation has been provided to the consumer. Substantiation must be provided within 60 days of receiving the request. A debt collector must substantiate a debt pursuant to this section only once during the period that the debt collector owns or has the right to collect the debt. Unlike the 30 day validation period under the FDCPA, there is no specific time limit outlined in the regulations during which a consumer must request substantiation.

**\*\*\*IMPORTANT INFORMATION CAN BE FOUND ON NEXT PAGE\*\*\***

DEPT 376
PO BOX 4115
CONCORD CA  94524

ADDRESS SERVICE REQUESTED

AMIT RAGNAUTH